**LIBERTY MUTUAL INSURANCE COMPANY, a corporation, Appellee,**

v.

**Carlos R. ESTRADA et al., Defendants,**

**Pacific Insurance Company, a corporation, Intervenor-Appellant.**

**No. 74-2289.**

United States Court of Appeals, Ninth Circuit.

Dec. 12, 1975.

Robert A. Shull (argued), Strong & Pugh, Phoenix, Ariz., for appellant.

C. Gregory Eagleburger (argued), Shimmell, Hill, Bishop & Gruender, P. C., Phoenix, Ariz., for appellee.

OPINION

Before ELY and WRIGHT, Circuit Judges, and LUCAS,* District Judge.

---

* Honorable Malcolm Lucas, United States District Judge, Los Angeles, California, sitting by designation.

PER CURIAM:

Liberty Mutual Insurance Company (Liberty), instituted an interpleader action to determine the distribution of $50,000, the maximum amount payable under an automobile liability insurance policy that it had issued. Liberty's insured was concededly liable because of an automobile accident that resulted in several serious injuries, one of them fatal. The dispute is between defendants-appellees (defendants), all personal injury or wrongful death claimants, and intervenor-appellant, Pacific Insurance Company (Pacific). Pacific is subrogated to the rights of the only claimant who sustained property damage. All parties stipulated to the appointment of a Special Master "to determine the individual amounts to be paid the respective claimants from the funds now on deposit with the Court." The Master found that Pacific's property damage loss amounted to $6,700 and that personal injury and death damages for all claimants totaled $270,575. He then prorated the available $50,000, awarding Pacific $1240 as its pro rata share and allocating the remainder to the defendants. The District Court adopted this allocation and entered a final order reducing the recommendations of the Special Master to Judgment. Pacific appealed, and we reverse.

■ Section 28–1142 of Arizona's Safety Responsibility Act, Ariz.Rev. Stats. § 28–1142 (West Supp.1975), requires that security be posted by all drivers involved in an automobile accident. Such security need not be given by any driver possessing an automobile liability insurance policy, provided that such policy prescribes a minimum coverage of $10,000 per person and $20,000 per accident for personal injury liability and $5,000 per accident for property damage. Notice of Liberty's policy, under which Liberty admits liability in the full coverage amount of $50,000, was given by Liberty's insured in lieu of security. That policy provides:

"[W]ith respect to any occurrence for which notice of this policy is given in lieu of security . . . under the provisions of the motor vehicle financial responsibility law of any state or province, such limit of liability shall be applied to provide the separate limits required by such law for bodily injury liability *and property damage liability to the extent of the coverage required by such law. . . .*" (emphasis added).

By the express terms of the policy, as well as by the explicit provisions of the statute to which the policy refers, the policy provides a minimum $5,000 limit *exclusively* for property damage claims. Thus, regardless of the aggregate amount of bodily injury claims asserted, at least $5,000 must be available solely to pay property damage claims. Pacific is the only party claiming property damage, and, since the damages suffered by Pacific exceed $5,000, Pacific is entitled to that amount.

■ Defendants argue that Pacific waived any right it may have had to such minimum amount by stipulating to allow the Special Master to determine the distribution of the fund. The stipulation did not, however, purport to cover any allocation that might not harmonize with law. From the beginning, Pacific has contended that, both as a matter of law and under the terms of Liberty's policy, it was entitled to a minimum recovery of $5,000. Pacific did not abandon its claim simply by agreeing to the appointment of a Special Master. Pacific was entitled to assume that there would be no allocation contrary to the provisions of the statute. Furthermore, the Master's report expressly advised the Court that he, the Master, had not presumed to resolve the legal question then raised by Pacific and now presented here.

Reversed.